UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-23763-CIV-MORENO

GLORIA BACERRA,

    Plaintiff,

vs.

ALDRIDGE CONNORS, LLP,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant, Aldridge Connors, LLP's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law **(D.E. No. 5)**, filed on **November 11, 2013**. THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

**I.    BACKGROUND**

This is an action in which Plaintiff alleges Defendant violated Section 1692 (e)(10) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

The complaint alleges that Defendant sought to collect a debt from Plaintiff arising out of a promissory note secured by a mortgage on Plaintiff's primary residence. According to the complaint, Defendant was hired by Wells Fargo Bank to collect on the alleged debt and served a summons and complaint on Plaintiff in furtherance thereof. Plaintiff also contends that the foreclosure complaint sought a potential deficiency judgment. Allegedly attached to the complaint

was a Notice Required under the Fair Debt Collection Practices Act ("the Notice").

Plaintiff alleges the Notice contained false, deceptive, and misleading representations in connection with the collection of a debt in violation of section 1692(e)(10) of the FDCPA. Specifically, Plaintiff alleges that the Notice (1) misstated the applicable legal standard with regard to the presumption of validity of a debt by adding a writing requirement and (2) falsely states the amount of the debt is stated in the foreclosure complaint.

Defendant has moved to dismiss the complaint, arguing that the Plaintiff's complaint should be dismissed as a matter of law because (1) the Plaintiff has not been the object of debt-collection activity for purposes of the FDCPA and Defendant was not acting as a debt collector, (2) the FDCPA notice attached to the mortgage foreclosure complaint was not an initial communication, and (3) the Notice was not deceptive to the least sophisticated consumer.

## II.   STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 556 U.S. at 663.

### III.  DISCUSSION

Title 15 U.S.C. § 1692(e)(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). To state a claim under the provision, a plaintiff must allege (1) []he was the object of collection activity arising from consumer debt, (2) defendant is a debt collector as defined by the FDCPA, and (3) defendants has engaged in an act or omission prohibited by the FDCPA. *Johnstone v. Aldridge Connors, LLP*, No. 13-61757-CIV, 2013 WL 6086049, *2 (S.D. Fla. Nov. 20, 2013).

This complaint and motion to dismiss are nearly identical to those in *Johnstone v. Aldridge Connors, LLP,* currently pending before Judge Cohn in this District. Judge Cohn denied the defendant's motion to dismiss (which defendant happens to be the same as the Defendant in this case). *See Johnstone,* 2013 WL 6086049. This Court agrees with the reasoning propounded by Judge Cohn.

Defendant argues that Plaintiff cannot state a FDCPA claim because a mortgage foreclosure action does not constitute debt collection. However, as Judge Cohn pointed out, the Eleventh Circuit has recently held that a communication related to debt collection does not become unrelated to debt simply because it also relates to the enforcement of a security interest. *See Johnstone,* 2013 WL 6086049 at *2-*3 (citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F. 3d 1211, 1218 (11th Cir. 2012)). Accordingly, Plaintiff has sufficiently alleged that Defendant was engaged in debt collection activity.

Defendant further argues that Plaintiff cannot state a claim because the Notice was not an initial communication for purposes of the FDCPA. However, as was the case in *Johnstone*, Plaintiff alleges a violation of 15 U.S.C. § 1692(e)(10), not 15 U.S.C. § 1692(g)(a), which deals with initial communications. *See Johnstone*, 2013 WL 6086049 at *3. Additionally, Judge Cohn rejected Defendant's argument that the exemption provided by § 1692(g)(d) would extend to claims under § 1692(e) as well. *Id.* at *3-*4. This Court agrees. Therefore, Defendant's argument that the Notice is exempt fails.

Finally, Defendant argues that the Notice is not deceptive to the least sophisticated consumer. However, this Court agrees with Judge Cohn that Plaintiff's allegations that (1) the Notice falsely claims the amount of the debt was stated in the foreclosure complaint and (2) the Notice incorrectly implies that there is a writing requirement under § 1692(g)(a)(3) collectively establish potential violations of the FDCPA which could be deceptive to the least sophisticated consumer. *See Johnstone*, 2013 WL 6086049 at *4.

Accordingly, Defendant's Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of December, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record